Coolbaugh, Appellant, *v.* Lehigh & Wilkes-Barre Coal Company.

*Mines and mining—Coal lease—Royalties in hotchpot—Judicial sale.*
Where the owners of two adjoining lots of land underlaid with coal execute a joint lease so as to place the rents and royalties from both lots in hotchpot, a judicial sale of one of the lots will divest the owners thereof of all interest in the royalties in hotchpot.

Argued April 17, 1907. Appeal, No. 103, Jan. T., 1907, by plaintiff, from judgment of C. P. Luzerne Co., May T., 1904, No. 314, on verdict for defendant in case of J. R. Coolbaugh, Administrator of the Estate of Milton Dana, deceased, v. Lehigh & Wilkes-Barre Coal Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit for royalties.

LYNCH, P. J., charged as follows:

On August 30, 1870, Dana and Metcalfe, who owned adjoining lots 28 and 29, underlaid with coal, entered into an instrument in writing with a coal company, by which the company agreed to mine all the coal in both lots and pay to the several owners of these two lots certain royalty, twenty-five cents a ton, and a minimum, that is, the lowest fixed rate, of $20,000 a year. Milton Dana, whose administrator is the plaintiff in this suit, was one of the Danas who owned lot No. 28. That company went out of existence and the company defendant became the miner of the coal under the lease. A judgment was recovered in this court against Milton Dana, which was a lien upon his right, title and interest in the unmined coal. Upon this judgment an execution was issued, and the right, title and interest of Milton Dana in lot 28 was levied and sold by the sheriff. He then, in pursuance of his duty, gave to the purchasers, Mr. Birkbeck and Mr. Van Horn, a deed for the right, title and interest which Milton Dana had in this land, for the premises covered by the lease, although the deed of the sheriff describes only lot No. 28. The trouble the judges, on consultation, had on the question, and one the Supreme Court, perhaps, will have to settle, is this, whether the levy made by the sheriff and the subsequent sale and deed which describes only lot 28, is sufficient to divest any interest, if Mr. Dana had any, in lot 29? As we understand the decision of the Supreme Court in this case, the sale divested all the right, title and interest of Milton Dana in lots 28 and 29. After the sale, Birkbeck and Van Horn, the purchasers, gave notice to the mining company, defendant, that they had become the purchasers of Mr. Dana's interest in the coal, and wanted the company to pay them the money which theretofore had gone to Milton Dana. In pursuance of this notice, and, no doubt, believing it to be the law, the company did pay, without objection on the part of the Danas or their representatives, all the money which fell due, to Birkbeck and Van Horn. Hence defendant claims, and this contention is sustained, that all of Milton Dana's right, title and interest to the coal in these premises, was sold by the sheriff, and purchased by Birkbeck and Van Horn, and that they were both equitably and legally right in paying the installments which fell due to these pur-

chasers. This being so, the plaintiff cannot recover in this case. Therefore the first point of the defendant is sustained, and you will render a verdict in favor of the defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*F. M. Nichols*, with him *F. C. Sturges*, for appellant.

*Arthur Hillman, Seligman J. Strauss* and *A. H. McClintock*, for appellee.

PER CURIAM, May 20, 1907:

The only question that can in any aspect be regarded as new, since this case was here before, 213 Pa. 28, is whether Dana had any estate or interest not sold by the sheriff.

The sale was of Dana's interest in lot 28, and the argument of appellant is that the writing though called a lease was a sale of the coal in place and that Dana had an interest in the royalties from coal in lot 29, which was not levied on or sold and therefore did not pass to the purchasers but devolved on appellant as administrator of Dana's estate.

The argument, however, rests on a misconception of the contract between the owners and of the title to lot 29. Dana never had any title whatever to lot 29, or the coal under it. What he had was an interest in the royalties in 28 and 29 after they had become due by the mining of the coal. He was one of the owners of lot 28 and he and his cotenants in common joined the owners of lot 29 in putting the rents or royalties from both lots into hotchpot by a joint lease to the coal company. But they did not put their estates in. The titles remained distinct as they were before, and if the lease had been abandoned or forfeited the estates would have been as separate as they were before, without any further conveyancing of any kind. Dana's interest in the pot and his right to get a portion of the rents from it came solely from his ownership in lot 28, and when that was sold the purchaser took all he had in either lot.

Judgment affirmed.